UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLINA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-3282-B |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL | § | |
| CENTER AT DALLAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Opposed Motion for Leave to Amend Petition (Doc. 25). After review of the motion, briefing, and applicable law, for the reasons stated below, the motion is hereby **DENIED.**

Plaintiff originally filed this lawsuit in state court against Defendant for violations of the Texas Labor Code and Fair Labor Standards Act. Pl. Orig. Pet. ¶ 7. Plaintiff alleges she was repeatedly denied compensation for time worked during what was supposed to be an undisturbed thirty-minute lunch break. Pl. Orig. Pet. ¶ 10. Plaintiff's claims in her original petition are for (1) retaliation and harassment under Chapter 21 of the Texas Labor Code, (2) a wage and hour claim under the Fair Labor Standards Act, and (3) a common law quantum meruit claim. Pl. Orig. Pet. ¶¶ 28-44. Defendant removed the case to this Court pursuant to federal question jurisdiction on November 28, 2011. The Court's scheduling order, entered on December 21, 2011, set a trial date of February 25, 2013 and, most relevant to this motion, the amended pleadings deadline for February 15, 2012. Sched. O. (Doc. 7). Plaintiff filed the present motion for leave to amend her pleadings on

July 23, 2012, over five months after the expiration of the applicable deadline.

Plaintiff's First Amended Petition is nearly identical to Plaintiff's Original Petition, save a few material differences. Plaintiff seeks to add an FLSA retaliation claim, a state law whistleblower claim, and also seeks liquidated and punitive damages that were not listed in the original petition. Pl. Fir. Am. Pet. ¶¶ 25-47.

Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure, not Rule 15. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Pursuant to Rule 16, a scheduling order should not be modified unless there is a showing of good cause. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The Fifth Circuit has set forth four factors for determining whether a movant has established good cause for modification of a scheduling order after the deadline has passed:

> (1) the explanation for the failure to timely move for leave to amend;
>
> (2) the importance of the amendment;
>
> (3) potential prejudice in allowing the amendment; and
>
> (4) the availability of a continuance to cure such prejudice.

*S&W Enters., L.L.C.*, 315 F.3d at 536. "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, No. 3:03-CV-0256-D, 2004 WL 1243151, at * 2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline

imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause. *Id.* Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, No. 3:96-CV-3363-D, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)). Rule 15(a), which allows for liberal leave to amend, only comes into play once the moving party has demonstrated good cause under Rule 16(b). *S&W Enters.*, 315 F.3d at 536.

In the present case, the deadline for amended pleadings has passed. Thus, Plaintiff must show good cause as to why leave to amend should be granted. *See S&W Enters., L.L.C.*, 315 F.3d at 536. Plaintiff's explanation for her failure to timely move to amend is that she became aware at mediation in July 2012 of "confusion related to Plaintiff's retaliation claims." Pl. Op. M. Leave Am. ¶ 9. After discovering this "confusion," Plaintiff promptly made the present motion for leave to amend. *Id.* at ¶ 10. The Court finds this explanation lacking. Plaintiff has not altered any of the existing language in her First Amended Petition to correct any perceived confusion, but instead has simply added the whistleblower and FLSA retaliation claims. There is no indication that the facts underlying these new causes of action were not known to Plaintiff at the time she filed her original petition. *S&W Enters., L.L.C.*, 315 F.3d at 536. Plaintiff's explanation to clarify confusion is "tantamount to no explanation at all." *Id.*

As to the second factor, the importance of the amended petition, Plaintiff states the amendment "is important because it clarifies what would otherwise be a confusing issue." Pl. Opp. M. Leave Am. Pet. ¶ 12. As discussed above, she fails to identify the source of the confusion to which she refers. The third factor requires the Court to consider the potential prejudice to Defendant if the amendment were allowed. *S&W Enters., L.L.C.*, 315 F.3d at 536. The whistleblower claim is an

entirely new cause of action that would likely require additional discovery. This expansion of discovery would likely result in extensions of other pretrial deadlines, including the trial date. These delays would likely result in additional expense to the Defendant. *See S&W Enterp.*, 315 F.3d at 537; *See Parish v. Frazier*, 195 F.3d 761, 763-64 (5th Cir. 1999). Finally, as to the fourth factor, a continuance would serve to exacerbate, not cure, the prejudice to Defendant.

Therefore, as Plaintiff has failed to show good cause as to why leave to amend should be granted over five months after the deadline to amend the pleadings, Plaintiff's motion is hereby **DENIED** pursuant to Fed. R. Civ. P. 16 (b).

**SO ORDERED.**

**Signed September 26, 2012.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE