UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLINA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-3282-B |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL CENTER | § | |
| AT DALLAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is a Motion for Determination of the Court's Jurisdiction (doc. 38) filed by Plaintiff Carolina Garcia and a Motion for Judgment on the Pleadings and alternative Motion for Summary Judgment (doc. 48) filed by Defendant The University of Texas Southwestern Medical Center at Dallas. For the reasons explained below, the Court **DENIES** Plaintiff's Motion and **GRANTS** Defendant's Motion.

## I.

## BACKGROUND

Plaintiff originally filed this lawsuit in state court against Defendant for unlawful employment practices. Doc. 1-5, Orig. Pet. Plaintiff's Original Petition alleges that she was repeatedly denied compensation for the time she was forced to work during what was supposed to be an undisturbed, unpaid thirty-minute meal break. *Id.* ¶ 11. Plaintiff also alleges that once she filed a wage claim with the Texas Workforce Commission and Equal Employment Opportunity Commission complaining

of Defendant's conduct, her supervisor Fabrizio Gatti created a hostile work environment by stalking her "in attempt to find some violation to use against her." *Id.* ¶¶ 5, 18. Plaintiff was ultimately terminated from her employment. Plaintiff's Original Petition brings claims for (1) retaliation and harassment under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.055; (2) a wage and hour claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1); and (3) a common law quantum meruit claim. *Id.* ¶¶ 7, 28-44. Defendant removed the case on November 28, 2011. Doc. 1, Notice of Removal. The Court later denied a request from Plaintiff to amend her pleadings. Doc. 42, Order.

On September 7, 2012, Plaintiff filed a Motion for Determination of the Court's Jurisdiction and the State of Texas' Sovereign Immunity (doc. 38) seeking to obtain an early ruling on whether Defendant enjoyed immunity from her FLSA claim. Plaintiff's Motion is not brought pursuant to any specified rule of the Federal Rules of Civil Procedure. Because the Motion is supported with evidence outside of the pleadings, the Court construes the Motion as if it were a motion for partial summary judgment filed pursuant to Rule 56. Defendant responded to Plaintiff's Motion, but Plaintiff never filed a reply within the deadline.

Not long after Plaintiff filed her Motion, Defendant filed a Motion for Judgment on the Pleadings or alternative Motion for Summary Judgment (doc. 48) on October 26, 2012. Briefing on Defendant's Motion was delayed significantly to accommodate the numerous discovery disputes between the parties. The Motion has only recently been fully briefed.

This Court has original jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).

## II.

## LEGAL STANDARDS

A.    *Judgment on the Pleadings*

A Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). The standard for evaluating a Rule 12(c) motion is the same as the standard for evaluating a Rule 12(b)(6) motion for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The Court may look to "allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims." *Cox v. Central Insurex Agency, Inc.*, No. 3:11-CV-2267-B, 2012 WL 253882, at *2 (N.D. Tex. Jan. 26, 2012)(citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

B.    *Summary Judgment*

The purpose of summary judgment is "to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990). Accordingly, Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. SmithKline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Rather, the summary judgment movant may satisfy its burden by pointing to the

mere absence of evidence supporting the non-movant's case. *Id.*

Once the movant has met its burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). Factual controversies regarding the existence of a genuine issue for trial must be resolved in favor of the non-movant. *Id.* Nevertheless, a non-movant may not simply rely on the Court to sift through the record to find a fact issue, but must instead point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Moreover, the evidence the non-movant does provide must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). This evidence must be such that a jury could reasonably base a verdict in the non-movant's favor. *Anderson*, 477 U.S. at 248. If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

Plaintiff moves for partial summary judgment on the issue of whether the State of Texas has waived its immunity on Plaintiff's FLSA claim. Doc. 38, Mot. Defendant opposes Plaintiff's request for relief and moves for judgment on the pleadings or, alternatively, summary judgment, on all of Plaintiff's claims. Doc. 44, Resp.; doc. 48, Mot.; doc. 75, Reply. Plaintiff opposes Defendant's requests for relief. Doc. 74, Resp. The parties agree that Defendant is the State for immunity purposes.

The Court will first analyze Defendant's Rule 12(c) Motion for Judgment on the Pleadings, and then turn to the cross-motions for summary judgment.

A.      *Motion for Judgment on the Pleadings*

1.      TCHRA Claim

Defendant first moves for judgment under Rule 12(c) on Plaintiff's TCHRA § 21.055 retaliation and harassment claims on the basis that Plaintiff has not engaged in a protected activity under the TCHRA. Doc. 49, Br. at 9. Plaintiff disputes this point, arguing that filing a wage claim constitutes her protected activity. Doc. 74, Resp. at 15-16.

The TCHRA applies to adverse employment actions related to "race, color, disability, religion, sex, national origin, or age." Tex. Lab. Code § 21.051. To state a prima facie claim of retaliation under the TCHRA, a plaintiff must show the following: (1) that she engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that there was a causal link between the protected activity and the adverse employment action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012). "Protected activities consist of (1) opposing a discriminatory practice; (2) making or filing a charge; (3) filing a complaint; or (4) testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing." *Dias v. Goodman Mfg. Co.*, 214 S.W.3d 672, 676 (Tex. App.–Houston [14th dist.] 2007, pet. denied); Tex. Lab. Code § 21.055.

Defendant contends that the pleadings fail to allege that Plaintiff has engaged in a protected activity under the TCHRA, because Plaintiff's alleged protected activity relates only to wages, which lies outside of the coverage of the TCHRA. Doc. 49, Br. at 9-11. Plaintiff responds that her protected activity is "filing a wage claim with the Texas Workforce Commission" and is valid. Doc. 1-5, Orig. Pet. ¶¶ 29, 35; doc. 74, Resp. ¶ 50. In support of her argument, Plaintiff cites several cases stating that filing a wage claim is a protected activity under the FLSA. She argues that "[t]he exercise of a statutory right is the protected action; the route or agency is not relevant." Doc. 74, Resp. ¶ 51.

Defendant replies that filing a wage claim may be a protected activity under the FLSA, but it is not under the TCHRA, which governs discrimination and not employment compensation. Doc. 75, Reply at 3-4.

The Court agrees with Defendant. The fact that filing a wage claim may be a protected activity under wage law(s) does not automatically bestow it with similar status as a protected activity under a statute preventing discrimination based on race, gender, disability, etc. Plaintiff cites no authority for her proposition that a protected activity under one statute is a protected activity under all other statutes.

Furthermore, the TCHRA and Texas cases support the conclusion that to state a claim under the TCHRA, the protected activity must be related to the conduct proscribed by the TCHRA. Section 21.055 of the TCHRA prohibits an employer from retaliating against someone "under this chapter." The "under this chapter" language refers only to the discriminatory practices protection under Chapter 21 of the Texas Labor Code. *City of Waco v. Lopez*, 259 S.W.3d 147, 150-52 (Tex. 2008) ("The discriminatory practices made unlawful under the Act include adverse employment decisions based on race, color, disability, religion, sex[,] national origin, or age. . . . The reasonable reading of the [T]CHRA's 'under this chapter' language is that actionable retaliation exists when an employer makes an adverse employment decision against an employee who *voices opposition to conduct made unlawful under the [T]CHRA . . . ."* (emphasis added)). "Engaging in a protected activity [under the TCHRA] requires complaining of some sort of discrimination that is covered by the TCHRA." *Spinks v. TruGreen Landcare, L.L.C.*, 322 F. Supp. 2d 784, 796 (S.D. Tex. 2004) (citing *Azubuike v. Fiesta Mart*, 970 S.W.2d 60, 65 (Tex. App.-Houston [14th Cist.] 1998, no pet.)). Plaintiff has not alleged that she complained of the sort of categorical discrimination listed in §

21.051 of the TCHRA; she merely alleges that she complained of unpaid overtime compensation. Plaintiff has therefore failed to allege that she engaged in a protected activity–a required element of a claim for retaliation and harassment under the TCHRA. Accordingly, the Court **GRANTS** Defendant's Rule 12(c) motion for judgment on the pleadings with respect to Plaintiff's retaliation and harassment claims under the TCHRA.

In a last ditch effort to save her retaliation and harassment claims, Plaintiff appears to argue that those claims were not brought under the TCHRA but under the FLSA. Doc. 74, Resp. ¶¶ 48-50. Plaintiff's Original Petition clearly states: "This is an action under Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. Texas Labor Code, as amended, specifically Section 21.055 to correct unlawful employment practices on the basis of retaliation." Doc. 1-5, Orig. Pet. ¶ 7. Of Plaintiff's four causes of action, the quantum meruit claim, *id.* ¶¶ 43-44, is based on common law, and the "wage and hour claim," *id.* ¶¶ 39-42, explicitly states that it is based on the FLSA, 29 U.S.C. § 207(a)(1). *Id.* ¶ 41. This leaves the harassment and retaliation claims, at least one of which much be based on the Texas Labor Code in order to support the pleading that the action is based on the Texas Labor Code. Indeed, the original petition explicitly states that at least the retaliation claim falls under the Texas Labor Code. *Id.* ¶ 7. Plaintiff was denied leave to amend her pleadings to include a retaliation claim under the FLSA, doc. 42, Order, but it appears that Plaintiff may in fact be attempting to argue that her TCHRA retaliation claim is an FLSA retaliation claim. As the Court has already ruled on this issue, Plaintiff's argument is rejected.

### 2.    Quantum Meruit Claim

Defendant next moves under Rule 12(c) for judgment on Plaintiff's quantum meruit claim, contending it is barred by sovereign immunity. Doc. 49, Br. at 11-12. Plaintiff responds that

Defendant has waived sovereign immunity for all claims by voluntarily invoking this Court's jurisdiction upon its removal of this action from state to federal court. Doc. 74, Resp. at 10-11.

In Texas, governmental immunity takes two forms: immunity from liability and immunity from suit. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Immunity from liability is an affirmative defense that bars the enforcement of a judgment against a governmental entity. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Immunity from suit, on the other hand, bars altogether an action against a governmental entity unless consent to suit has been granted. *See Tooke*, 197 S.W.3d at 332; *Jones*, 8 S.W.3d at 638.

As recognized by both parties, the Fifth Circuit's decision in *Meyers ex rel. Benzing v. Texas* remains the authority on the issue of waiver of state sovereign immunity from suit versus liability. 410 F.3d 236 (5th Cir. 2005), *reh'g denied with opinion* 454 F.3d 503 (2006), *cert. denied* 550 U.S. 917 (2007). In its opinion, the *Meyers* court outlined the lengthy history and varying treatment of sovereign immunity and ultimately adopted "the view that the Constitution guarantees a state's prerogative, by its own law, to treat its immunity from liability as separate from its immunity from suit for purposes of waiver or relinquishment." 410 F.3d at 255 (recognizing that Texas has preserved separate immunities from suit and liability). The court drew its strongest support from *Lapides v. Bd. of Regents of Georgia*, 535 U.S. 613 (2002). *Id.* In denying a petition for rehearing in *Meyers*, the Fifth Circuit clarified that:

> The narrow holding in the instant case is that, under the Supreme Court's decision in *Lapides v. Bd. of Regents of Georgia*, 535 U.S. 613(2002), when a State removes to federal court a private state court suit based on a federal-law claim, it invokes federal jurisdiction and thus waives its unqualified right to object peremptorily to the federal district court's jurisdiction on the ground of state

sovereign immunity. However, that waiver does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the federal courts. In sum, Texas may assert its state sovereign immunity as defined by its own law as a defense against the plaintiffs' claims in the federal courts, but it may not use it to defeat federal jurisdiction or as a return ticket back to the state court system.

454 F.3d at 504. Following *Meyers*, the Fifth Circuit and its district courts have steadfastly held that "[a] state's voluntary removal of an action to federal court (or its consent to removal) waives its immunity from suit, but not its immunity from liability." *Kelley v. Papanos*, No. H-11-0626, 2012 U.S. Dist. LEXIS 8071, at *11-12 (S.D. Tex. Jan. 24, 2012) (holding that the state may continue to "assert its state sovereign immunity as defined by Texas law *as a defense*" to the claims removed to federal court but could not assert its immunity "to defeat federal jurisdiction or as a return ticket back to the state court system" (citing *Meyers*, 454 F.3d at 504)); *Bonillas v. Harlandale Indep. Sch. Dist.*, 832 F. Supp. 2d 729, 737 (W.D. Tex. 2011) ("The Fifth Circuit has held that there is a distinction between immunity from suit in federal court, which a state may waive by removal to federal court, and immunity from liability."); *Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12CV229TSL-MTP, 2013 U.S. Dist. LEXIS 9600, at *11-14 (S.D. Miss. Jan. 24, 2013) (same); *Pathria v. Univ. of Tex. Health Sci. Ctr.*, No. SA-12-CV-388, 2013 U.S. Dist. LEXIS 10795, at *3-4 (W.D. Tex. Jan. 23, 2013); *see also In re Supreme Beef Processors, Inc.,* 468 F.3d 248, 257-58 (5th Cir. 2006) (Higginbotham, J., concurring) (explaining *Meyers*).

Defendant admits that by removing this case from state to federal court, it has voluntarily invoked this Court's jurisdiction and therefore has waived its immunity from suit. Doc. 49, Br. at 11-12. However, Defendant correctly contends that its act of removing this case to federal court does not affect its ability to invoke its state sovereign immunity against liability. *Id.* Plaintiff cites the first

half of the *Meyers* opinion in support of Defendant's waiver of immunity from suit, but conveniently ignores the second half of the opinion holding that waiver of immunity from suit through removal does not constitute a waiver of immunity from liability. The Court agrees with Defendant that its removal of this case has not waived its ability to invoke its sovereign immunity from liability under Texas law.

Additionally, the Court concludes that Defendant has properly pleaded and asserted its immunity from liability on Plaintiff's quantum meruit claim under state sovereign immunity. *See IT-Davy*, 74 S.W.3d at 860 (dismissing, inter alia, a quantum meruit claim due to state sovereign immunity); *Lamesa Indep. Sch. Dist. v. Booe*, 251 S.W.3d 831, 834 (Tex. App.–Eastland 2008, no pet.) ("[E]ven when an equitable remedy such as estoppel or quantum meruit is asserted, the doctrine of sovereign immunity from suit applies as long as monetary damages are sought.").

Accordingly, the Court determines that Defendant is immune from liability on Plaintiff's quantum meruit claim pursuant to Texas law. The quantum meruit claim is **DISMISSED**.

### 3.    FLSA Claim

Defendant also moves for judgment under Rule 12(c) on Plaintiff's FLSA claim on the basis of sovereign immunity. Doc. 49, Br. at 12 (referencing doc. 44, Resp.); *see Alden v. Maine*, 527 U.S. 706, 712, 754-57 (1999) (state sovereign immunity not precluded by FLSA for suits by private citizens for damages). Plaintiff does not dispute that states are immune from FLSA suits, but instead argues that Defendant has waived sovereign immunity by voluntarily invoking this Court's jurisdiction upon its removal of this action from state to federal court. Doc. 74, Resp. at 10-15. Plaintiff also points to statutory and voluntary waiver of immunity. Doc. 74, Resp. at 17 (referencing doc. 38, Mot.).

a.      *Waiver by Removal*

Plaintiff relies on Defendant's removal of this case as support that it has waived its immunity from liability under the FLSA. Doc. 74, Resp. at 10-11. The Court has already decided and explained why Defendant's removal of this action does not constitute a waiver of liability on Plaintiff's claims, which includes her FLSA claim and, therefore, rejects Plaintiff's argument.

b.      *Statutory Waiver*

Next, Plaintiff points to several Texas statutes as evidence that Defendant statutorily waived its immunity from liability under the FLSA. Doc. 74, Resp. at 11-14, 17; doc. 38, Mot. at 7-11. Defendant disputes that the Texas legislature has waived the State's immunity. Doc. 49, Br. at 12; doc. 44, Resp. 12-16; doc. 75, Reply at 6-8.

A state has the authority to waive its sovereign immunity "by statute or by resolution." *IT-Davy*, 74 S.W.3d at 853-54 (citing cases). The statute must "clearly," "unambiguously," and "unequivocally" express an intent to waive the state's sovereign immunity. *Sossamon v. Texas*, 131 S. Ct. 1651, 1659-60 (2011); *IT-Davy*, 47 S.W.3d at 853-54 ("Legislative consent to sue the State must be expressed in 'clear and unambiguous language.'"); Tex. Gov. Code § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). "[W]here a statute is susceptible of multiple plausible interpretations, including one preserving immunity, we will not consider a State to have waived its sovereign immunity." *Sossamon*, 131 S. Ct. at 1659. There are no "magic words" to waive immunity, and each statute must be reviewed for waiver "in light of traditional interpretive tools." *FAA v. Cooper*, 132 S. Ct. 1441, 1448 (2012) (analyzing congressional waiver). The standard for finding waiver is high. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318,

332 (5th Cir. 2002). The Texas Supreme Court has held that even a statute containing language that permits the state to "sue and (or) be sued" is not sufficient to waive immunity absent further context demonstrating waiver. *Tooke*, 197 S.W.3d at 329, 337.

Plaintiff makes the novel assertion that the Texas legislature waived its immunity from FLSA claims through Texas Government Code § 659.015. Section 659.015 is entitled "Overtime Compensation for Employees Subject to Fair Labor Standards Act" and applies to state employees "subject to the overtime provisions of the federal Fair Labor Standards Act of 1938." Tex. Gov. Code § 659.015(a). Further, subsection (b) provides: "The employee is entitled to compensation for overtime as provided by federal law and this section. To the extent that this section and federal law prescribe a different rule for the same circumstance, federal law controls without regard to whether this section or federal law prescribes a stricter rule." *Id.* § 659.015(b). This provision also tracks some of the language of the FLSA.

Plaintiff further points to § 443.0054 of the Texas Government Code, which provides: "For employees who are not subject to the overtime provisions of the Fair Labor Standards Act of 1938, as amended, the board shall allow compensatory time off in accordance with a schedule adopted by the board for hours worked in a week in which the combination of hours worked, paid leave, and holidays exceeds a total of 40 hours." Finally, § 667.006(b) of the same code outlines: "If the person is subject to the overtime provisions of the federal Fair Labor Standards Act of 1938 in an employment, the employing agencies and institutions of higher education shall ensure that the person is compensated for all combined time actually worked that exceeds 40 hours per week in accordance with the overtime provisions of the federal law."

Plaintiff argues that if Texas were immune from liability under the FLSA, these three statutes

- 13 -

would serve no purpose because no employee of the state would be subject to the mandates of the FLSA. Doc. 74, Resp. at 12; doc. 38, Mot. at 7-8. She contends that because Texas has fully incorporated the FLSA into state law through these statutes, it necessarily must have fully waived its immunity to FLSA suits. *Id.*

Defendant responds that § 659.015 may express an intent of Texas to *comply* with the FLSA, but that statute does not *waive its immunity* from FLSA claims. Doc. 75, Reply at 7. At most, any waiver would be entirely implicit, falling far short of the requirement that a statute must expressly state that immunity is being waived. *Id.*

The Court agrees with Defendant. Section 659.015 and the other statutes cited by Plaintiff merely establish that Texas is a state employer which seeks to comply with the FLSA. The fact that a statute requires the state as an employer to comply with federal law does not constitute unequivocal or express proof of waiver of immunity from liability from that federal law. *See, e.g., Noah v. Univ. of Tex. Med. Branch*, 176 S.W.3d 350, 358-59 (Tex. App.–Houston [1st Dist.] 2004, pets. denied). In other words, a law that governs the conduct of the state as an employer is not automatically a law that waives immunity for claims arising from that conduct, even where it is prescribed by reference to federal law. This basic principle is examined in *Perex v. Region 20 Education Service Center*. 307 F.3d at 332. In that case before the Fifth Circuit, the plaintiff brought a claim under the federal Americans with Disabilities Act ("ADA"). He argued that a state statute under the Texas Labor Code explicitly referenced and incorporated the policies of the ADA and separately waived immunity from liability, so the state law must be interpreted as waiving immunity for liability under the ADA as well as the state law. *Id.* The Fifth Circuit held: "The section of the Texas Labor Code Perez cites does waive sovereign immunity for claims brought under the Labor Code . . . . The

Texas Labor Code, however, does not contain a clear and unequivocal waiver of immunity from suit with respect to the ADA, a distinct federal statute." *Id.* As with *Perez*, none of the statutes cited by Plaintiff here even come close to indicating that the state intended to waive its immunity from FLSA claims.

Plaintiff also points the Court to several state materials which are not state statutes or resolutions, but which are issued by Texas or its representatives and purportedly waive the state's immunity. *See* doc. 38, Mot. at 9-10. However, because a waiver of immunity may only be expressed by statute or resolution, those materials cannot demonstrate that Texas has waived its FLSA immunity. *See Magnolia Venture Capital Corp. v. Prudential Secs., Inc.*, 151 F.3d 439, 444 (5th Cir. 1998); *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 409 (Tex. 1997), *superseded in part on other grounds*.

The Court concludes that Defendant has not waived its immunity from liability under the FLSA by statute.

      c.    *Delegation of Waiver and Defendant's Voluntary Submission to FLSA*

Finally, Plaintiff argues that Defendant waived its immunity because the State of Texas delegated its authority to waive immunity to Defendant's Board of Regents, and the Board of Regents voluntarily subjected themselves to the FLSA through their policies and other statements. Doc. 38, Mot. at 4-6; doc. 74, Resp. at 14.[1] Defendant disagrees that delegation has occurred or that the policies waive liability. Doc. 44, Resp. at 7-12; doc. 75, Reply at 8-9.

---

[1] Although Plaintiff's Response to Defendant's 12(c) motion does not mention the issue of delegation of authority to waive immunity, because the Response incorporates by reference her briefing in her prior Motion, which did include the delegation issue, the Court will consider that argument here. *See* doc. 74, Resp. at 17.

Plaintiff correctly recognizes that the Texas legislature may, by statute, delegate its authority to waive immunity. Doc. 38, Mot. at 4; *Tex. Boll Weevil Eradication Found. v. Lewellen*, 952 S.W.2d 454, 467 (Tex. 1997). In support of her proposition that the legislature delegated its authority to waive immunity to Defendant's Board of Regents, Plaintiff cites, without explanation, *Foley v. Benedict*, 55 S.W.2d 805, 808 (Tex. 1932). *Foley* examines some of the powers delegated to the Board of Regents of the University of Texas, including that it "shall enact such by-laws, rules and regulations as may be necessary for the successful management and government of the University." *Id.*[2] Plaintiff also cites Tex. Civ. Prac. & Rem. Code § 147.008 ("This chapter does not waive any immunity of the state or of a political subdivision of the state or any employee or officer thereof.") and Tex. Gov. Code § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.") as evidence that Texas has "restricted the ability to waive immunity in certain instances" in the past. Doc. 38, Mot. at 4. Plaintiff is presumably arguing that because Texas has delegated some authority to the Board of Regents to manage the school, and because Texas did not affirmatively preserve its sole authority to waive immunity, there is no reasonable reading of the statutes other than delegating the authority to waive immunity. Doc. 38, Mot. at 4-5.

Plaintiff's interpretation of these laws is not persuasive in light of the great deal of authority on this issue from Texas courts. Delegation of the legislature's authority must be clearly expressed–it is not found in the mere absence of a provision preserving that authority. *See, e.g., Wells v. Texas A & M Univ. Sys.*, No. 06-04-00001-CV, 2004 WL 2114438 (Tex. App.–Texarkana Sept. 24, 2004,

---

[2]Filling in the holes in Plaintiff's argument, Defendant points the Court to the specific statutes delegating powers to Defendant's Board of Regents. *See* Tex. Educ. Code §§ 65.31 and 74.102.

pet. denied) ("Nothing suggests the Legislature either has authority to delegate, or has delegated, to the School or its Board the power to waive sovereign immunity."). As noted above, it is the Texas legislature's "sole province to waive or abrogate sovereign immunity." *IT-Davy*, 74 S.W.3d at 853. Waiver of immunity must be clear and unambiguous. *Id.*; Tex. Gov't Code. § 311.034. Delegation of that waiver must similarly be clearly expressed. *Lewellen*, 952 S.W.2d at 467. Under these standards, the Court refuses to adopt Plaintiff's interpretation that a delegation of authority to "enact such by-laws, rules and regulations as may be necessary for the successful management and government of the University" constitutes an express delegation of the state's authority to waive its sovereign immunity for overtime compensation claims under the FLSA.

Plaintiff's assertions that Defendant's policies and procedures waived immunity and that Defendant's 30(b)(6) representative Kathleen Eubank-Turner admitted Defendant's liability under the FLSA need not be considered given that Plaintiff has failed to indicate that the Texas legislature delegated its authority for them to do so. The Court issues no conclusions on the merits of these matters.[3] However, the Court notes in passing that the Texas Supreme Court has previously decided that a university policy permitting employees to bring civil actions under federal laws "does not remotely constitute voluntary consent to suit." *See Univ. of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 201 (Tex. 2010) (holding that a university may not even be able to waive immunity in an employment handbook, but even if it could, language permitting employees to "bring a civil action" under a federal law was "cursory language" that could not overcome the high bar for finding a waiver of immunity).

---

[3]It is therefore unnecessary to review Plaintiff's outside evidence and the affect that such evidence has on a Rule 12(c) judgment on the pleadings.

In conclusion, the Court determines that Defendant has shown that it is entitled to immunity from Plaintiff's FLSA claims and that Plaintiff's arguments that Defendant waived its immunity each fail under the high standard for finding such waiver. The Court therefore **DISMISSES** Plaintiff's FLSA claim.

B.      *Cross-Motions for Summary Judgment*

Because the Court has dismissed all claims in this case on the basis of Defendant's Rule 12(c) motion, it need not decide the parties' cross-motions for summary judgment. Therefore, Plaintiff's Motion for Determination of the Court's Jurisdiction and the State of Texas' Sovereign Immunity (doc. 38) and Defendant's alternative Motion for Summary Judgment (doc. 48) are **DENIED WITHOUT PREJUDICE AS MOOT.**

## IV.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Determination of the Court's Jurisdiction (doc. 38) is **DENIED** and Defendant's Motion for Judgment on the Pleadings/Motion for Summary Judgment (doc. 48) is **GRANTED** with respect to the Rule 12(c) motion and **DENIED** with respect to the Rule 56 motion. Given the Court's ruling, the Court also **DENIES AS MOOT** Plaintiff's Opposed Motion to Stay and Leave from Scheduling Order (doc. 78), filed on April 16, 2013.

SO ORDERED.

SIGNED: April 24, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE